**William T. DEERING, Administrator of Estate of James Albert Deering, Deceased, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

**No. 18117.**

Court of Civil Appeals of Texas, Fort Worth.

May 24, 1979.

Rehearing Denied June 21, 1979.

Duke & Jelinek, and David Duke, Arlington, for appellant.

Brown, Herman, Scott, Dean & Miles, and Grant Liser, Fort Worth, for appellee.

## OPINION

SPURLOCK, Justice.

The estate of a workman appeals a trial court judgment setting aside an award of the Industrial Accident Board and providing that the estate take nothing. The worker's compensation carrier had sued the estate to set aside the award the Industrial Accident Board made for compensation for a specific injury to the workman who later died. The question is whether under the facts of this case the trial court properly excluded as hearsay the decedent's statement to another employee that he "bumped his leg back there". The estate contends the statement is admissible under the res gestae exception to the hearsay rule.

We affirm.

James Deering was employed as a security guard by Smith Nightwatch Service, Inc. He was assigned duty at Southwest Airmotive in Euless, Tarrant County, Texas. His job included making inspection rounds and punching in at time clocks at various locations on the premises. Deering's estate claims that on January 4, 1975 while making rounds Deering injured his left leg below the knee which aggravated a preexisting condition by causing several blood clots to break loose and block the flow of blood into his lower left leg. The insurer contends there is no evidence of any accidental injury while in the course and scope of his employment.

It is undisputed that Deering left work on January 4 and went to the hospital complaining of severe pain in the lower left leg and that emergency vascular surgery was performed in an attempt to restore blood circulation in the leg. The surgery was unsuccessful and on January 6, 1975 Deering's left leg was amputated above the knee. On April 27, 1975 Deering died from hepatitis which his estate contends was contracted from some allegedly contaminated blood he received during surgery. We express no opinion on the allegations concerning Deering's death.

The Industrial Accident Board made an award of compensation on the estate's claim for a specific injury, the loss of the left leg below the knee. The insurer filed this suit to have that award set aside and the estate counter-claimed for benefits for loss of a leg above the knee under the worker's compensation act. After a trial the case was submitted to the jury on special issues and the jury failed to find that Deering received an injury to his left leg on or about January 4, 1975. The trial court rendered a judgment which set aside the Industrial Accident Board's award and which provided that the estate take nothing.

The estate claims that the trial court erred in excluding a statement made by Deering to a Southwest Airmotive employee on January 4, 1975 before Deering went to the hospital. From the estate's bill of exception the statement was as follows:

"[H]e (Deering) said he bumped his leg back there."

The estate claims that this should have been admitted under the res gestae exception to the hearsay rule. The insurer claims that the evidence was properly excluded because there was no evidence, independent of the deceased's statement, which would support a finding of an injury.

■ The supreme court in *Truck Insurance Exchange v. Michling*, 364 S.W.2d 172, 173 (Tex.1963), stated the rule that the discretion of a trial court to admit evidence under the res gestae exception to the hearsay rule does not extend to admission of statements of allegedly res gestae in nature where there is no evidence of an occurrence other than the statement. In *Michling* the decedent's wife testified that Michling, her husband, told her he hit his head on the iron bar across the seat of the bulldozer he was operating as it slipped off a hill. This was the only evidence offered to prove that Michling had sustained an accidental injury in the course and scope of his employment. The supreme court concluded that credit for trustworthiness could not be given to a narrative to prove the circumstances from which the narrative was to receive its trustworthiness. For a statement to be admissible as res gestae there must be independent evidence of the occurrence.

It is the estate's position that there is independent evidence corroborating an accidental injury in the course and scope of employment. A thorough review of the evidence reveals that a Southwest Airmotive employee saw Deering on the job around midnight, January 4, 1975. The employee saw Deering again about 1:00 a. m. while Deering was making rounds. The employee did not notice Deering limping or having any symptoms. The employee saw Deering again around 2:00 a. m. Deering was limping and appeared to be in pain. He was sweating profusely and was very pale. It was then that Deering made the statement to the employee that he had "bumped his leg back there".

**614**

From the above we conclude that there is evidence that an accidental injury *could* have occurred. Indeed there is expert testimony in the record which indicates that trauma is probably the leading cause of blood clots breaking loose and traveling in the body causing vascular impairment. However, the supreme court in *Hartford Accident and Indemnity Company v. Hale,* 400 S.W.2d 310, 311 (Tex.1966), decided that evidence which shows only that an occurrence *could* have occurred is insufficient to support admissibility of the statements made in that case and offered as res gestae. There is no evidence in this case concerning how or where Deering was injured. Further, the medical expert testified that hypertension, high blood pressure, or mere walking could have caused the blood clots to break loose. Therefore, we conclude that the evidence independent of Deering's statement is insufficient to support a finding of an accidental injury in the scope of employment. Thus it is insufficient to give credit to the statement making it admissible under the res gestae exception to the hearsay rule. The trial court correctly excluded the statement.

The estate also claims that Deering's statement should have been admitted under the declaration of present bodily condition exception to the hearsay rule. It is true as a general rule that statements made concerning present bodily condition such as complaints of physical pain, are admissible. However, this exception to the hearsay rule only applies to statement regarding the declarant's physical condition. Declarations descriptive of external events such as crimes, accidents, or other occurrences which cause injury are inadmissible when offered for proof of the external event. 1 C. McCormick and R. Ray, Texas Evidence § 843 (2d ed. 1956), at 627.

Note that the statement excluded was that Deering had "bumped his leg back there". We conclude that this clearly relates to an external event which allegedly produced the bodily condition of which he complained.

We further note that the court excluded testimony of the Southwest Airmotive employee that Deering stated that his leg hurt. This was error. However, we conclude that it was harmless because even if admitted the fact that Deering's leg hurt would not be probative of whether he sustained an accidental injury in the course and scope of his employment.

The statement regarding the bumping of the leg was not admissible as a declaration of present bodily condition. The trial court properly excluded it.

The judgment of the trial court is affirmed.